| | |
|---|---|
| LESLIE NASSER ASR, )<br>Individually and as parent of minor )<br>Child DM, )<br> )<br>Plaintiff, )<br>vs. )<br> )<br>MITZI KINCAID, )<br>KINKAID & ASSOCIATES, PLLC, )<br> )<br> )<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** comes before the Court on a Motion to Dismiss by Defendants. (Doc. No. 6).

### I. BACKGROUND

Pro se Plaintiff Leslier Nasser Asr, individually as the parent of minor child DM, commenced this action on March 6, 2020, naming as Defendants Mitzi Kincaid and & Kinkaid & Associates, PLLC. This Complaint arises from the settlement of a personal injury case involving Plaintiff Asr's minor child, which is currently pending in Mecklenburg County Superior Court. Mogharrebi vs. KinderCare Education, LLC, Civil Action 17-CVS-11996.

According to Plaintiff Asr, Ms. Kincaid was retained to help draft a special needs trust in connection with the minor settlement in the state court action. Plaintiff alleges Ms. Kincaid conspired with the minor child's litigation attorney and committed fraud by advocating for the appointment of a third-party trustee to oversee the minor settlement funds. Plaintiff does not allege that the state court ever entered any order creating a trust, appointing a trustee, or

1

establishing any oversight of the funds.  Plaintiff merely alleges that "if" such an order is entered, Plaintiff will not allow Ms. Kincaid to serve as the third-party trustee.

Plaintiff's complaint stems from the minor child's receipt of an undisclosed sum of money in settlement of a personal injury lawsuit in Mecklenburg County Superior Court.  (Doc. No. 1 at 6 ¶¶ 1–2).  Plaintiff alleges that the "litigation attorney" (not a party to this action), who represents the minor child in that underlying personal injury lawsuit, "was forcing [Plaintiff Asr] to accept his proposal of establishing a structured settlement" for the minor child's settlement proceeds.  (Doc. No. 1 at 6 ¶ 2).  Plaintiff Asr, who alleges the minor child will need "a lot more money" than the settlement allows, would prefer a special needs trust over which she would serve as the trustee.  (Doc. No. 1 at 6 ¶¶ 2–4).  To this end, Plaintiff Asr alleges she retained Defendant Mitzi Y. Kincaid and her firm, Kincaid & Associates, PLLC, to prepare a special needs trust.  Plaintiff Asr also alleges that the litigation attorney "is determin[ed] to prevent plaintiff from serving as a trustee" of the proposed special needs trust.  (Doc. No. 1 at 7 ¶ 10).  According to Plaintiff, Ms. Kincaid proposed a special needs trust whereby Plaintiff Asr would serve as a trustee, but with oversight from an attorney or certified public accountant.  (Id.).  Plaintiff Asr alleges she agreed with Ms. Kincaid's proposal.  (Doc. 1 at 7 ¶ 12).

Plaintiff alleges Ms. Kincaid later prepared a draft trust instrument, but included a proposed provision requiring approval of any transaction from the trust over $1,500.  (Doc. 1 at 7 ¶ 13).  After reviewing the draft, Plaintiff Asr alleges she asked Ms. Kincaid not to seek the Superior Court judge's approval of the trust at an upcoming hearing.  (Id. at 7 ¶ 15).  Plaintiff Asr alleges Ms. Kincaid explained to her that the upcoming hearing before the Superior Court judge only concerned approval of the settlement, and that the trust instrument would need to be addressed in another hearing.  (Doc. No. 1 at 7 ¶ 16).  Despite this, Plaintiff alleges Ms. Kincaid

2

presented the trust instrument to a Superior Court judge on June 12, 2019.  (Doc. No. 1 at 7 ¶ 17).  Plaintiff further alleges Ms. Kincaid "argued to the court to appoint 3rd party trustee and defendant serve as trustee of the trust."  (Doc. No. 1 at 8 ¶ 19).  Plaintiff Asr claims Ms. Kincaid did this in "conspiracy with plaintiff's litigation attorney" for the purpose of stealing her child's money and "destroy[ing] a family from the Middle East."  (Doc. No. 1 at 8 ¶ 21).  Plaintiff Asr alleges Ms. Kincaid stopped representing her a couple days later.  Plaintiff does not allege whether the Superior Court judge issued any order approving the settlement or trust or otherwise ruled on any of the matters described in the Complaint.  Instead, Plaintiff alleges that "if" the judge orders a third-party trustee, Plaintiff will not allow Ms. Kincaid to serve as that trustee.  (Doc. No. 1 at 8 ¶ 22).

Defendants filed the pending motion to dismiss on March 25, 2020.  On the same day, the Court ordered Plaintiff to respond, advising Plaintiff that "failure to file a timely response will likely lead to dismissal of the claims against Defendant."  (Doc. No. 8).  Despite seeking and obtaining extensions of time, Plaintiff has not responded to the motion to dismiss, and the time to do so has passed.  Thus, the matter is ripe for disposition.

## II. STANDARD OF REVIEW

Defendants move to dismiss this action under Rules 12(b)(1) and 12(b)(6).  A Rule 12(b)(1) motion challenges whether a court has subject matter jurisdiction.  Subject matter jurisdiction is a threshold issue that courts must resolve before they address the merits of a case.  Darling v. Falls, 236 F. Supp. 3d 914, 920 (M.D.N.C. 2017) (quoting Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 479–80 (4th Cir. 2005)).  To this end, a 12(b)(1) motion asks the court to determine whether the plaintiff "has a right to be in the district court."  Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 452 (4th Cir. 2012).

Federal Rule of Civil Procedure 12(b)(6) provides that a motion may be dismissed for failure to state a claim upon which relief can be granted. A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint without resolving contests of fact or the merits of a claim. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992), cert. denied, 510 U.S. 828 (1993). Thus, the Rule 12(b)(6) inquiry is limited to determining if the allegations constitute "a short and plain statement of the claim showing the pleader is entitled to relief" pursuant to Federal Rule of Civil Procedure 8(a)(2). To survive a defendant's motion to dismiss, factual allegations in the complaint must be sufficient to "raise a right to relief above a speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Thus, a complaint will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

For the purposes of a Rule 12(b)(6) analysis, a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556). The Court must draw all reasonable factual inferences in favor of the plaintiff. Priority Auto Grp., Inc. v. Ford Motor Co., 757 F.3d 137, 139 (4th Cir. 2014). In a Rule 12(b)(6) analysis, the Court must separate facts from legal conclusions, as mere conclusions are not entitled to a presumption of truth. Iqbal, 556 U.S. at 678. Importantly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. However, well-pleaded factual allegations are entitled to a presumption of truth, and the court should determine whether the allegations plausibly give rise to an entitlement to relief. Id. at 679.

"When considering a motion to dismiss involving pro se parties, the court construes the pleadings liberally to ensure that valid claims do not fail merely for lack of legal specificity."

4

Case 3:20-cv-00142-MOC-DCK   Document 21   Filed 10/29/20   Page 4 of 10

Brown v. Charlotte Rentals LLC, No. 3:15-cv-0043-FDW-DCK, 2015 WL 4557368, at *2 (W.D.N.C. July 28, 2015) (citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978)). At the same time, however, the Court should not "assume the role of advocate for the pro se plaintiff." Gordon, 574 F.2d at 1151 (quotation omitted).

### III. DISCUSSION

#### A. Subject Matter Jurisdiction

Defendants first contend that this action must be dismissed for lack of subject matter jurisdiction. For the following reasons, the Court agrees.

Federal courts are courts of limited jurisdiction, meaning that a federal court is empowered only to consider certain types of claims. Home Buyers Warranty Corp. v. Hanna, 750 F.3d 427, 432 (4th Cir. 2014). A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," pursuant to 28 U.S.C. § 1331, or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties, pursuant to 28 U.S.C. § 1332. Questions regarding subject matter jurisdiction may be raised by either party at any time or sua sponte by the court. Plyler v. Moore, 129 F.3d 728, 731 n.6 (4th Cir. 1997). The burden of establishing subject matter jurisdiction is on the party asserting its existence. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).

Plaintiff relies on 28 U.S.C. § 1332 as the basis for invoking this Court's subject matter jurisdiction, but Plaintiff has not established diversity of citizenship. See (Doc. No. 1 at 3). "When original jurisdiction is based on diversity of citizenship, the cause of action must be between parties of completely diverse state citizenship, that is, no plaintiff may be a citizen of the same state as any defendant." Elliot v. Am. States Ins. Co., 883 F.3d 384, 394 (4th Cir.

5

2018). Plaintiff correctly states that Defendant Kincaid is a citizen of North Carolina. Plaintiff Asr asserted Iranian and Canadian citizenship, listed her residence and domicile as Charlotte and Mecklenburg County in the Complaint, and failed to make any allegation whatsoever with regard to the citizenship or residency of DM, the infant/minor child for whom she filed this action in her alleged capacity as his legal representative. This Court notes that, in an almost identical lawsuit filed by Plaintiff against different attorneys, the defendants in that action asserted that DM is a citizen and/or resident of both North Carolina and the United States, having been born in Charlotte, North Carolina. See Asr v. Monnett, Def. Brief in Supp. Motion to Dismiss, Doc. No. 7, 3:20cv139 (W.D.N.C). Plaintiff has not denied that DM is a North Carolina citizen for purposes of Section 1332. By its plain language, 28 U.S.C. § 1332(c)(2), the federal statute governing diversity of citizenship, provides that "the legal representative . . . of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent." Plaintiff Asr filed her Complaint in the claimed legal representative capacity of her infant child as stated in the Complaint: "DM, a Minor Child Through his mother Leila Nasser Asr." (Doc. No. 1, at 3, 6). Plaintiff therefore "shall be deemed to be a citizen only of the same State as the infant," which is North Carolina. As both Plaintiff—as a legal representative of an infant—and Defendants are citizens of North Carolina, complete diversity does not exist. Buffkin v. Maruchan, Inc., No. 1:14CV3, 2016 WL 183548, at *2 (M.D.N.C. Jan. 14, 2016) (stating that "'the next friend or guardian ad litem of an infant is a mere mechanical device . . . the infant is the real litigant and his would be the controlling citizenship.'… 'the citizenship of the infant determines the question of diversity, and not that of the guardian ad litem'"); Jones v. N.C. Dep't of Transp., No. 3:15-cv-170, 2015 WL 4663875, at *2 (W.D.N.C. Aug. 6, 2015) (dismissing a complaint for lack of jurisdiction where a "legal representative" and the defendant were "both

6

citizens of North Carolina for the purposes of this case").

As the party invoking this Court's diversity jurisdiction, Plaintiff also bears the burden of showing that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a). Plaintiff cannot meet her burden of showing the amount in controversy exceeds $75,000 for two reasons. First, Plaintiff's Complaint does not even attempt to satisfy the amount-in-controversy requirement, as this portion of the Complaint is left blank. Second, even if Plaintiff had alleged an amount in controversy, Plaintiff still "must prove by a preponderance of the evidence that the amount in controversy requirement has been met." Rosas v. Hearn, No. 3:19-CV-594-RJC-DSC, 2019 WL 6880631, at *2 (W.D.N.C. Dec. 17, 2019). "[T]he amount in controversy requirement cannot be based on speculation or 'what ifs' that may occur." Christopher v. Miller, No. 5:16CV188, 2017 WL 462010, at *3 (N.D. W. Va. Feb. 2, 2017). Plaintiff cannot meet that burden because the Complaint makes clear that Plaintiff has not suffered any damages whatsoever. At best, Plaintiff describes the possibility that a court might take some action in the future that might affect Plaintiff and the minor child.[1] And even then, the Complaint leaves the Court and Defendants to guess as to what that harm might be. Plaintiff's speculative "what if" allegations fall well short of establishing the requisite amount in controversy. Christopher, 2017 WL 462010, at *3.

In sum, because Plaintiff has not met her burden of showing that, pursuant to 28 U.S.C. § 1332, complete diversity of citizenship has been met, or that the amount in controversy has been satisfied, Plaintiff has failed to show that this Court has subject matter jurisdiction, and the action

---

[1] Similarly, Defendants also argue that Plaintiff lacks standing because she has not suffered any damages. Plaintiff alleges that "if" a North Carolina trial court judge enters an order approving a special needs trust, Plaintiff may not be appointed as Trustee. According to Defendants, these allegations of "possible future injury are not sufficient" to establish standing.

7

will therefore be dismissed for that reason alone.

### B. Alternative Grounds for Dismissal

Defendants contend that, alternatively, this matter is subject to dismissal because Plaintiff Asr cannot bring suit on behalf of her minor child. The Court agrees. Although Federal Rule of Civil Procedure 17(c) does permit a case to be brought on behalf of a minor by either a guardian ad litem or next friend, a non-attorney parent cannot litigate in federal court on behalf of a minor child without licensed counsel. See Myers v. Loudoun Cty. Pub. Sch., 418 F.3d 395, 401 (4th Cir. 2005) ("We therefore join the vast majority of our sister circuits in holding that non-attorney parents generally may not litigate the claims of their minor children in federal court.") (citing cases). Thus, Plaintiff Asr, as a pro se litigant, may not bring this action on behalf of her minor child because she is not a licensed attorney. Id. at 400 (explaining that "[t]he right to litigate for oneself . . . does not create a coordinate right to litigate for others"). For this alternative reason, Plaintiffs' lawsuit must also be dismissed.

Next, Defendants also argue that, even if this Court could exercise subject matter jurisdiction, the pleadings in the Complaint simply do not state a cognizable claim and the Complaint is subject to dismissal under Rule 12(b)(6). The Court agrees.

Plaintiff's Complaint purports to assert claims "for fraud, false pretense, and conspiracy." (Doc. No. 1 at 6). Plaintiff fails to state a cognizable claim against Defendants for which relief may be granted. First, the heightened pleading requirements of Rule 9(b) demand that fraud-based claims be stated with factual particularity. Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999). The essential elements of fraud that must be plead with particularity are: "(1) False representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5)

8

resulting in damage to the injured party." Rowan Cty. Bd. of Educ. v. U.S. Gypsum Co., 418 S.E.2d 648, 658 (N.C. 1992). Plaintiff's Complaint falls well short of meeting any of these elements. At most, Plaintiff Asr appears to allege that Ms. Kincaid advocated a position with which Plaintiff Asr disagreed. She does not allege Ms. Kincaid made any false statement, much less that any such false statements resulted in damage to Plaintiff Ars or her minor child.

Second, there does not appear to be any recognized claim for "false pretense" under North Carolina law. To the extent Plaintiff intends to assert a civil claim based on the criminal offense of obtaining property by false pretenses, that claim must fail because (1) Plaintiff does not allege that Ms. Kincaid made any false statement, and (2) Plaintiff does not allege that Ms. Kincaid obtained any property as a result of any false statement. Cf. N.C. GEN. STAT. § 14-100 (obtaining property by false pretenses).

Finally, Plaintiff's claim for conspiracy also fails, because "North Carolina does not recognize an independent cause of action for civil conspiracy." USA Trouser, S.A. de C.V. v. Williams, 812 S.E.2d 373, 380 (N.C. Ct. App.), review denied, 817 S.E.2d 199 (N.C. 2018). Thus, even if this Court had subject matter jurisdiction, the action would be subject to dismissal on this alternative ground.

### IV.   CONCLUSION

For the reasons stated herein, Plaintiff's action is dismissed.

**IT IS, THEREFORE, ORDERED** that:

(1) Defendants' Motion to Dismiss, (Doc. No. 6), is **GRANTED**, and this matter is dismissed with prejudice.

(4)    The Clerk is directed to terminate this action.

9

Case 3:20-cv-00142-MOC-DCK   Document 21   Filed 10/29/20   Page 9 of 10

Signed: October 29, 2020

*[Signature]*

Max O. Cogburn Jr.
United States District Judge

10